UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSEPH DANIEL GOADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-1067 |
| | ) | Judge Aleta A. Trauger |
| PARKER COMPOUND BOWS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

Pending before the court is a Motion to Dismiss (Docket No. 8) filed by the defendant Parker Compound Bows, Inc. ("Parker"), to which the plaintiff Joseph Daniel Goade has filed a Response (Docket No. 16). For the reasons discussed herein, the motion will be granted in part and denied in part.

## BACKGROUND & PROCEDURAL HISTORY

On October 3, 2015, Mr. Goade filed this action against Parker for patent infringement in violation of 35 U.S.C. § 271. (Docket No. 1 (the "Complaint").) The Complaint alleges that Mr. Goade is the sole inventor and owner of U.S. Letters Patent Nos. 7,721,724 and 7,753,044 (the "Patents"). According to the Complaint, the Patents, issued between May and July of 2010, are both titled "Shock Suppressor for a Bow" and are patents for types of bow string shock suppressors which can be used as accessories to archery bows. The Complaint alleges that Parker manufactures and distributes a number of shock suppressor products that infringe the Patents, both selling these products separately as well as including them with sales of Parker's archery bows. The Complaint and its attachments include the specific names of the allegedly infringing Parker products and show that these products are sold both pre-assembled and in kits.

1

According to the Complaint, Parker sells the infringing products in the United States, directly to end users and to retail stores. The Complaint alleges that Mr. Goade has informed Parker of its infringement, through notices placed on Mr. Goade's patented products and through written direct notification to Parker, and that Parker's infringement is, therefore, willful and deliberate. Finally, the Complaint alleges that jurisdiction is proper because Mr. Goade resides in Missouri, Parker has its principal place of business in Virginia, and both parties regularly conduct business in the Middle District of Tennessee. The complaint raises three types of claims under § 271: direct infringement, inducement, and contributory infringement.

On January 20, 2016, Parker filed a partial Motion to Dismiss, under Rule 12(b)(6), along with a Memorandum in Support, seeking to dismiss, for failure to state a claim, Mr. Goade's claims for *willful* direct infringement, inducement, and contributory infringement.[1] (Docket Nos. 8, 9.)

On February 3, 2016, Mr. Goade filed a Response in Opposition, arguing that the claims should not be dismissed or, in the alternative, that they should be dismissed without prejudice and/or Mr. Goade should be allowed to amend the Complaint.[2]

---

[1] While Parker's Motion is not expressly styled as a *partial* motion to dismiss, Parker concedes that it is *not* seeking to dismiss Mr. Goade's basic claims for direct infringement, but only his claims that the infringement was conducted *willfully*. Parker simultaneously filed an Answer with respect to the basic direct infringement claims. (Docket No. 10.)

[2] Mr. Goade's Response includes additional factual allegations not included in the Complaint, which Mr. Goade indicates he would include in an amended complaint if one were to be filed. For the reasons discussed below, the court finds that the Complaint is sufficient to survive the pleadings stage with respect to the willful infringement and inducement claims. The additional factual allegations do not add anything about acts of direct infringement that would change the outcome with respect to the contributory infringement claims. Accordingly, the court does not consider Mr. Goade's request for an amendment, nor will the court recount the additional allegations contained in the Response for the purposes of this motion. To the extent that Mr. Goade wishes to rely on any of these additional factual allegations in proceeding with this action, or add any allegations related to the contributory infringement claims, he may, nevertheless, wish to file a motion to amend the Complaint prior to the start of discovery.

**LEGAL STANDARD**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556.[3]

---

[3] Mr. Goade argues that the general pleading standard outlined in this section does not apply to patent infringement claims, which are instead subject only to the notice pleading requirements of Form 18 in the Appendix to the Federal Rules of Civil Procedure. It appears, however, that Form 18 was never applicable to claims for inducement and contributory infringement (see *Superior Indus., LLC v. Thor Global Ents. Ltd*, 700 F.3d 1287, 1295 (Fed. Cir. 2012)) and, moreover, that Form 18 no longer applies even to claims of direct infringement, per the abrogation of Rule 84, effective December 1, 2015. *See* Fed. R. Civ. P. 84 (providing for the use of official forms to guide pleadings in certain cases) (repealed 2015).

## ANALYSIS

There are three distinct patent infringement claims enumerated under 35 U.S.C. § 271. Section 271(a), defining direct infringement, provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." A claim for inducement is provided for in § 271(b), which states, "[w]hoever actively induces infringement of a patent shall be liable as an infringer." And, § 271(c) outlines contributory infringement as follows:

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article of commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

There is no separate cause of action for willful infringement, but it appears that willfulness, if proven, could subject a defendant to increased liability under § 271(a). 35 U.S.C. § 284 (providing that "the court may increase the damages up to three times the amount found or assessed"); *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) ("proof of willful infringement permitting enhanced damages requires at least a showing of objective recklessness").

At the pleadings stage, willfulness or recklessness can be inferred from allegations that the defendant continued to infringe, despite actual notice of the infringement. *See In re Seagate*, 497 F.3d at 1374. Parker argues that the Complaint does not adequately plead willful infringement because, while the Complaint alleges that Mr. Goade gave Parker written notice of the infringement, it does not specifically allege that Mr. Goade provided Parker with written

4

notification of the "asserted patents" or sent a cease and desist letter. (Docket No. 9 p. 3.) The question of whether written notice was actually provided to Parker prior to the litigation and, if so, whether the information it contained was sufficient to render Parker reckless for continuing to infringe is a factual issue, to be resolved once the record is fully developed. For purposes of the pleadings, however, the court finds that the allegation that Mr. Goade informed Parker that its products infringed on the Patents is sufficient to sustain the claim for willful infringement.[4] Likewise, the court finds that knowledge has been sufficiently pled for the purposes of Mr. Goade's inducement and contributory infringement claims.

Parker argues that Mr. Goade cannot proceed on his inducement claim because the Complaint does not identify the specific acts of *direct* infringement that Parker allegedly induced. A claim for inducement, however, does not require a specific showing of direct infringement by a third party, where the product sold by the defendant cannot be used in a non-infringing way. *See Static Control Components, Inc. v. Lexmark Intern., Inc.,* 697 F.3d 387, 415 (6th Cir. 2012) ("An accused device will necessarily infringe, permitting a finding of direct infringement by a class of customers and an inference that the inducer intended the infringement, if 'the customers can only use the [defendant's] products in an infringing way.'" (quoting *Symantec Corp. v. Computer Assocs., Int'l, Inc.*, 522 F.3d 1279, 1293 (Fed. Cir. 2008))); *Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1338 (Fed. Cir. 2008) ("When a manufacturer included in its product a component that can only infringe, the inference that infringement is intended in unavoidable"). Accordingly, because the Complaint alleges that certain products sold by Parker themselves infringed, and intent can be inferred from the allegations that Parker

---

[4] As the parties appear to agree, a basic claim for direct infringement is a strict liability claim for which actual knowledge by the defendant is not required, so long as the plaintiff patentee properly labelled its *own* product as patented. *See* 35 U.S.C. § 287.

5

had knowledge of its products' infringing on the Patents, there is no need for the Complaint to identify specific acts of direct infringement. *See In re Bill of Lading Transmission and Processing Sys. Patent Lit.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) ("Given that a plaintiff's indirect infringement claims can succeed at trial absent direct evidence of a specific direct infringer, we cannot establish a pleading standard that requires something more. To state a claim for indirect infringement, therefore, a plaintiff need not identify a specific infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists.") (citing *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1318 (Fed. Cir. 2009)); *Ricoh,* 550 F.3d at 1341 ("[A] finding of inducement requires a threshold finding of direct infringement – *either* a finding of specific instances of direct infringement *or a finding that the accused products necessarily infringe*." (emphases added)).[5]

A claim for contributory infringement, on the other hand, which involves the defendant's sale of a product that does not itself infringe, requires that the component product sold by the defendant has "no substantial non-infringing uses" and that the component product was incorporated into an infringing product sold in the United States. *See D.S.U. Med. Corp. v. JMS Co.*, 471 F.3d. 1293, 1303-04 (Fed. Cir. 2006). While the Complaint alleges that Parker sold kits

---

[5] Parker cites several cases for the proposition that inducement requires a greater showing of intent, but these cases are distinguishable. *See Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327-28 (Fed. Cir. 2009) (the product sold by the defendant had substantial non-infringing uses, and so something more than sales of the product alone was required to show intent to induce infringement); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (no actual infringing product was sold in the United States). *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S.Ct. 1920, 1296 (2015), cited by Parker to show that the defendant's actual knowledge of direct infringement is a required element of inducement, does not suggest that, at the pleading stage, more is required to show such knowledge than notice that a product was sold which itself infringes.

that, once assembled, constitute an infringing product, there are no allegations that these kits were ever constructed into infringing products and sold in the United States.[6]

Accordingly, the court finds that the Complaint sufficiently alleges claims for willful infringement and inducement, and these claims will proceed. The claims for contributory infringement, however, will be dismissed.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is hereby **GRANTED IN PART AND DENIED IN PART**. The claims for contributory infringement are **DISMISSED WITHOUT PREJUDICE**. The remaining claims will proceed.

It is so **ORDERED**.

Enter this 24th day of May 2016.

ALETA A. TRAUGER
United States District Judge

---

[6] The court construes Mr. Goade's contributory infringement claims to involve only those products sold by Parker in unassembled form that did not, on their own, infringe. Any pre-assembled products which infringed as sold by Parker are covered by Mr. Goade's inducement claims.